KATHY BAZOIAN PHELPS (State Bar No. 155564)
kphelps@raineslaw.com
RAINES FELDMAN LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 440-4100

*Counsel for Diane C. Weil, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| In re | Case No. 1:19-bk-10501-MT |
|---|---|
| CAPITAL GOLD GROUP INC. | Chapter 7 |
| Debtor. | **TRUSTEE'S STATUS REPORT AND RESPONSE TO ORDER TO SHOW CAUSE WHY TRUSTEE CANNOT FILE FINAL REPORT AND/OR ZERO BALANCE REPORT** |
| | Date: January 18, 2023<br>Time: 11:30 a.m.<br>Place: 302 (via ZoomGov) |
| | The Hon. Maureen A. Tighe |

1

3128602.1

Diane C. Weil, the Chapter 7 trustee herein, hereby files this updated response to the Order to Show Cause Why Trustee Cannot File Final Report and/or Zero Balance Report and offers the following status report.

1. The Trustee entered into a settlement agreement with the former insiders of the Debtor, Jonathan Walker and Siniva Rose ("Insiders"), which was approved by the Court by order dated January 27, 2022.

2. The Settlement Agreement with the Insiders resolved the Trustee's claims against the Insiders and granted the Insiders standing to object to proofs claims where a meritorious basis existed for such objection. The Insiders filed objections to seven claims and a hearing took place on April 20, 2022. Based on the lack of response by the claimants, all but two objections were resolved at the hearing, and continued hearings were scheduled on the other two. One of those objections was sustained, and the other, on Claim No. 32, was overruled at an evidentiary hearing that took place on November 2, 2022.

3. The Court entered the Order Denying Motion to Disallow Claim [Docket No. 138] relating to Claim No. 32 of Carol Rackley on November 7, 2022, overruling the objection and allowing Claim No. 32 in the amount of $100,000 (the "Claim No 32 Order").

4. The Insiders filed a Notice of Appeal and Statement of Election [Docket No. 139] on November 17, 2022, appealing the Claim No. 32 Order (the "Notice of Appeal").

5. The Settlement Agreement provides that the Insiders are to pay the Settlement Sum (as defined therein) to the Trustee within 30 days following a final ruling on the last claim objection or by December 31, 2022, whichever is earlier. In light of the filing of the Notice of Appeal, a final ruling will not be obtained by December 31, 2022, so paragraph 2.d of the Settlement Agreement provides that the Insiders are to pay the sum of $1,190,000 no later than that date.

6. Prior to the filing of the Notice of Appeal of the Claim No. 32 Order, the Trustee provided the Insiders with a summary of the Settlement Sum due, assuming that all of

2

3128602.1

the claim objections orders would become final by December 21, 2022. The amount of the Settlement Sum owing, based on the actual and estimated claims as set forth in the Settlement Agreement, is $751,540.97. The Insiders have paid a deposit of $100,000, so the sum of $651,540.97 would be due and payable as of December 21, 2022, if the orders on all of the claims objections were final and but for the Notice of Appeal.

7. After the Settlement Agreement was approved by the Court, and during the intervening time while the Insiders were objecting to certain claims, the Insiders communicated directly with the creditors of the estate, offering to immediately purchase their claims at a discount. The Trustee objected to the solicitations by the Insiders on the basis that the Insiders did not inform the creditors that the Insiders were otherwise obligated to pay the Trustee a Settlement Sum that provided for full payment of their allowed claim amounts. The Trustee raised the concern that any creditors who were paid less than 100% of the claim amount may have been defrauded in the solicitation process. The Insiders disputed the Trustee's contentions and asserted that the creditors had been adequately notified by the *Notice of Hearing on Motion to Approve Settlement Between Trustee and Jonathan Rose and Siniva Walker* [Docket No. 54] that had been mailed to all creditors.

8. On November 18, 2022, one day after filing the Notice of Appeal of the Claim No. 32 Order, the Insiders filed Notices of Transfers of Claims with respect to Claim Nos. 3, 4, 10, 11, 12, 13, 17, 18, 24, 25, 27, and 29 (the "Transferred Claims"). The Insiders have advised that they paid these claimants a total of $144,768.73 on account of claims in the total amount of $215,715.15, for a reduction of $70,946.42 in the aggregate. They further advised that they intended to withdraw these claims so as to reduce the amount of the Settlement Sum they would be required to pay.

9. A dispute has arisen regarding the appropriateness of the claim transfers and the amount of the settlement sum to be paid.

10. The parties engaged in discussions to resolve their disputes so that they could

3

3128602.1

consummate the Settlement Agreement. They have recently entered into a stipulation providing for withdrawal of the Notices of Transfer of Claims, withdrawal of the appeal of the Claim No. 32 Order, and for payment of the Settlement Sum. Pursuant to the Stipulation, the Insiders have paid the agreed sum. The Trustee is preparing a motion for approval of the stipulation which will be filed shortly.

11. The only other remaining issues in the case are to finalize a few other very minor claims issues that may require clarification before the Trustee can submit her final report.

12. The Trustee respectfully requests that the Court continue the hearing for an additional four months so that she may resolve the remaining claim issues and file her final report.

Dated: January 11, 2023         RAINES FELDMAN LLP


By:  /s/ Kathy Bazoian Phelps
    Kathy Bazoian Phelps
    *Counsel for Diane C. Weil, Chapter 7 Trustee*

4

3128602.1

PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1800 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S STATUS REPORT AND RESPONSE TO ORDER TO SHOW CAUSE WHY TRUSTEE CANNOT FILE FINAL REPORT AND/OR ZERO BALANCE REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 11, 2023 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   - **Elizabeth L Agolla**    notices@becket-lee.com, notices@becket-lee.com
   - **Sevan Gorginian**    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com
   - **David S Hagen**    davidhagenlaw@gmail.com
   - **Kathy Bazoian Phelps**    kphelps@raineslaw.com, hchoi@raineslaw.com,bclark@raineslaw.com
   - **Donald W Reid**    don@donreidlaw.com, ecf@donreidlaw.com
   - **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
   - **Diane C Weil (TR)**    dcweil@dcweillaw.com, DCWTrustee@dcweillaw.com;ecf.alert+Weil@titlexi.com

   ☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 11, 2023 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Maureen A. Tighe
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 324
Woodland Hills, CA 91367

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**
2848676.1

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 11, 2023 | Helen Choi | /s/ Helen Choi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

2848676.1